(No. 74-CC-0725—

ANTHONY M. PECCARELLI, Claimant, v. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1978.*

MARK BISCHOFF, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD GROSSMAN, WILLIAM KARAGANIS and SAUL R. WEXLER, Assistant Attorneys General, for Respondent.

POLOS, C.J.

Claimant Anthony M. Peccarelli, an attorney at law, has brought this action to recover the sum of $2,637.68 which he alleges he is due for services rendered to the Illinois State's Attorneys Association. Claimant alleges that in September, 1971 the Illinois Law Enforcement Commission (hereinafter "the Commission") made a grant of money to the Illinois State's Attorneys Association (hereinafter "the Association") for the purpose of conducting public hearings regarding the jurisdiction of the State's Attorneys Office. Claimant entered into a contract with the Association, which called for him to act as a consultant at the rate of $135.00 per day. Claimant contends that he performed all work required under the contract but that he has received only partial payment.

It is Respondent's position that as the Association was not a state agency, Claimant had no contractual relationship with the State and that he has improperly brought suit in the Court of Claims to enforce a liability of the Association. Respondent also disputes Claimant's contention that he is due an additional $2,637.68 for his services.

Before turning to the substantive issues herein involved, we will first discuss the procedural status of the case. After numerous extensions, Claimant's brief was filed on April 14, 1976. On August 19, 1976, Respondent filed a motion for finding for Respondent

in which it contended that this Court did not have subject matter jurisdiction of this claim. On September 27, 1976, Claimant filed a response to Respondent's motion for a finding, on the ground that Respondent had failed to file its brief in accordance with Rule 18 of the Court of Claims. In reply, Respondent contends that it is not required to file its brief before its motion for a finding for Respondent is determined.

We find no basis in the "Court of Claims Act" for the State's contention that it is not required to answer Claimant's brief until its motion for a finding is resolved. Respondent's motion simply raises a jurisdictional argument which should have been incorporated in its brief. The time for filing Respondent's brief has long since expired, and Respondent has not requested an extension.

Accordingly, the Court will consider "Respondent's Motion for a Finding" as its brief in this action, and will decide the jurisdictional issue raised therein during the course of this opinion.

It is Respondent's position, as stated in its "Motion for a Finding," that Claimant had no contractual relationship with the State of Illinois. Respondent asserts that Claimant's contract was with the Illinois State's Attorneys Association, a private corporation, which cannot be sued in the Court of Claims. Respondent further asserts that the Illinois State's Attorneys Association was not acting as an agent of the State of Illinois when it entered into its contract with Claimant. Respondent in particular points to that portion of Section 8 of the "Court of Claims Act," Ill. Rev. Stat., Ch. 37, § 439.8, which provides that this Court has jurisdiction over "all claims against the State founded upon any contract entered into *with* the State of Illinois" (emphasis added).

The second issue to be determined, assuming the Court finds it has jurisdiction over the subject matter of this action, is whether Claimant is entitled to additional compensation for services which he rendered to the Illinois State's Attorneys Association.

As to the first issue, the Court finds that the Claimant has established that at the time he entered into the contract with the Illinois State's Attorneys Association, the Association was acting as the agent of the State of Illinois. Claimant introduced into evidence a letter dated May 17, 1972, from the Illinois Law Enforcement Commission to the Illinois State's Attorneys Association, regarding the grant from the Commission to the Association to fund the Association's study. In that letter the Commission authorized the hiring of Claimant subject to certain contractual provisions. Further, the Executive Director of the Illinois State's Attorneys Association testified that the Association was bound by the Fiscal Guidelines and Regulations of the Commission. In sum, the record establishes that Respondent made a grant of money to the Illinois State's Attorneys Association, authorized the hiring of Claimant as a consultant, and imposed its fiscal guidelines as to the expenditure of the grant. We conclude that the Association was acting on behalf of the State in making its research study and in entering into the contract with Claimant.

Claimant's contract with the Association was signed on June 7, 1972. Prior thereto, on March 24, 1972, Claimant had attended a meeting of the Association's Managing Board, along with one Patrick Delfino, an employee of the Commission. At the meeting it was agreed that Claimant would be paid $135.00 per day for consulting work, but that his fee would not

exceed the sum of $4,050.00. It was further agreed that he would be allowed $950.00 for travel expenses.

During the course of the meeting Claimant raised the question of what constituted a "day" under the terms of the agreement. Mr. Delfino said that a "day" referred to an eight hour working day. Claimant said he would not accept a fee less than $35.00 per hour. The issue was not resolved at the meeting and when the contract was signed on June 12, 1972, the term "day" was not defined. The contract provided, in pertinent part:

"The project agrees to compensate the consultant at the rate of $135.00 per day for his services, but in no event shall the total amount of compensation paid to the consultant exceed $4,050.00.

After the contract was signed, and after Claimant had substantially performed his services, the fiscal guidelines of the Illinois Law Enforcement Commission were amended to define a "day" as eight hours. If this definition is applied to the contract signed by Claimant, it would mean that he should be compensated at the rate of $16.87 per hour. The issue is thus whether Claimant should be compensated at the rate of $16.87 per hour, or at the rate of $135.00 per day, for the services which he performed.

Claimant rendered a statement to the Illinois State's Attorneys Association for $4,050.00, the maximum payable under his contract. Claimant's billing was for 33 days of work, broken down to 103.1 hours. After the statement was received the Director of the Illinois State's Attorneys Association wrote to the Illinois Law Enforcement Commission, asking an opinion as to the correct rate of compensation in light of the Commission's amended fiscal guidelines. On December 1, 1972, Claimant was sent a check by the Illinois State's Attorneys Association for $1,588.00, which

Claimant cashed. On January 9, 1973, Claimant was sent a check for $327.46, purporting to be his full and final payment for services rendered under the contract. Claimant did not cash the check.

Claimant contends he is entitled to the full $4,050.00 available under the grant, plus an additional $175.68 for travel expenses. Claimant argues he performed services on 33 different days, and is therefore entitled to $135.00 per day, regardless of the amount of time he spent performing duties under the contract on any given day. He therefore claims the additional fees of $2,462.00, plus $175.68 for travel expenses.

Respondent argues that the term "day" as used in Claimant's contract should be interpreted to mean an eight hour day, and that Claimant should therefore be compensated at the rate of $16.87 per hour. Respondent reasons that as Claimant worked a total of 103.1 hours he is entitled to a total of $1,739.78 plus travel expenses, and as he has already been paid $1,588.00, he is due only an additional $327.46, plus his travel expenses.

It is apparent that when the parties entered into their contract, there was no understanding as to the number of hours that would constitute a "day". It would be wholly unreasonable to assume that the parties intended that Claimant should be paid $135.00 for working any part of a day. It would likewise be unfair to impose upon Claimant the amended fiscal guidelines adopted by the Commission after the agreement with Claimant was entered into, and after he had substantially performed his work.

Claimant made clear at the March 24, 1972, meeting with the Association, at which the Commission was represented, that he could not perform the requested services for less than $35.00 per hour. Neither

the Commission nor the Association objected to that rate and it appears that the parties contemplated that Claimant would be compensated at such a rate. Further, Claimant introduced expert testimony establishing that $35.00 per hour was a reasonable rate for the work he performed under the contract.

The Court therefore finds that Claimant is entitled to be compensated for his 103.1 hours of work at the rate of $35.00 per hour, or the sum of $3,608.50. He is also entitled to recover $175.68 for his travel expenses. As Claimant has already been paid the sum of $1,588.00, Claimant is hereby awarded the sum of $2,096.18.