(No. 81-CC-0498—)

MATTHEW J. LYONS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order dismissing complaint filed December 24, 1980.*

*Order reinstating complaint filed April 15, 1981.*

*Order dismissing complaint filed June 22, 1981.*

HORNE AND KARCHMAR, LTD., for Claimant.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss the claim heretofore filed and Claimant's objection to said motion.

Respondent's motion to dismiss sets forth that the Claimant failed to file proper notice with the Attorney General's Office, as required by Ill. Rev. Stat. 1979, ch. 110, par. 48.1(a). Respondent's motion further sets forth that section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—1), provides that notice of an action for personal injury must be served within six (6) months of the date of the injury upon the Attorney General of the State of Illinois and upon the Clerk of the Court of Claims.

Claimant attached to his objections a copy of a letter, dated March 28, 1979, and directed to "The Court of Claims, The State of Illinois, 188 West Randolf Street, Chicago, Illinois, 60601" and states that the original notice of claim was enclosed; also filed was a copy of a certified mail receipt addressed to the "Attorney General, Court of Claims, 188 West Randolph St., Chicago, Illinois 60601" and showing the date of delivery as April 2, 1979.

Respondent must concede that proper notice was served upon the Court of Claims by Claimant but not on the Attorney General's office, as required by statute. The Attorney General maintains a separate office from that of the Court of Claims and it is the Court's opinion that notice served upon the Court of Claims does not comply with the requisite notice upon the Attorney General of the State of Illinois.

It is hereby ordered that respondent's motion to dismiss be, and the same is, granted, and this cause is dismissed.

## ORDER REINSTATING COMPLAINT

Roe, C. J.

This cause coming on to be heard on the petition of the Claimant, Matthew J. Lyons, by and through his

attorneys, Horne & Karchmar, Ltd., for a rehearing and an order to vacate its prior order dismissing the Claimant's complaint, the parties having been duly notified and the Court being fully advised in the premises.

It is hereby ordered that the order filed on December 24, 1980, dismissing the Claimant's complaint is vacated and the complaint is reinstated.

## ORDER DISMISSING COMPLAINT

HOLDERMAN, J.

This matter coming to be heard upon the motion of Respondent to dismiss the claim, due notice having been given, and the Court being fully advised in the premises, the Court finds as follows:

The complaint filed in this cause alleges that on October 24, 1978, Claimant fell into an excavation located "near or along side of Interstate Highway 70 Eastbound, approximately 50 yards east of the junction of Ill. 55-70 and Illinois 157, in Collinsville, Illinois." It is alleged further that the area in question was a "worksite", in regard to which "respondent, its agents, servants and/or employees" had a duty to maintain in a safe manner.

In response to the complaint, Respondent's motion asserts that the area in question was part of a construction project being performed by two private construction companies, which had control of the area and the construction activities therein. In support of this assertion, Respondent attached to its motion the affidavit of Thomas Grimes, the resident engineer of the project for the Department of Transportation, which verifies the facts set forth in said motion. Respondent states further that Claimant did not seek recovery from either one of the private construction companies, and that in failing to do as such, Claimant has failed to exhaust remedies as

required by the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439), and the Rules of the Court of Claims.

It appears to the Court that since the area in question was under construction by and in the control of the two private construction companies, Claimant clearly had a cause of action identical to the claim herein which could have been brought against one or both companies in a court of general jurisdiction. Since the cause of action arose on the date of the accident, October 24, 1978, Claimant had until October 24, 1980, under the applicable limitations period, in which to pursue said cause of action, but did not do so. The limitations period having now expired, Claimant can no longer pursue this other remedy.

The Court notes that a notice of intent to file this claim was filed on April 2, 1979, approximately 18 months in advance of the end of the limitations period applicable to this claim and a claim that could have been filed against the third parties previously mentioned. It is evident, therefore, that Claimant was represented by counsel for at least 1½ years before the end of the limitations period. This appears to have been a more than adequate amount of time for Claimant or his attorneys to investigate the claim, file the complaint, and conduct discovery. By so proceeding, the cause of action against the construction companies would easily have become apparent. Instead, Claimant waited until September 5, 1980, seven weeks before the end of the limitations period, to file the complaint, and conducted no discovery.

The requirement that Claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms. It is apparent to the Court that Claimant had sufficient time to both become aware of his other remedies and to pursue them accordingly.

The fact that Claimant can no longer pursue those remedies cannot be a defense to the exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants. We believe that the language of Section 25 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24—5) and Rule 6 of the Rules of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional.

It is hereby ordered that the claim herein be, and the same is, hereby dismissed with prejudice.