(No. 79-CC-1187

RUTH M. BOE, Administrator of the Estate of Cheryl Boe, Deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 29, 1984.*

LAW OFFICES OF PETER J. FERRACUTI & ASSOCIATES, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This matter came on for hearing before Commissioner John P. Simpson for oral argument on two motions to dismiss by the Respondent. The first motion to dismiss was based on the failure of the Claimant to exhaust her remedies pursuant to section 25 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.24—5) and Rule 6 of the Court of Claims Rules. The second motion to dismiss was based on the Claimant's failure to file a legally sufficient notice of claim.

With regards to the first basis for dismissal, to wit: the failure to exhaust all remedies, the following paragraphs of Claimant's amended complaint are germaine:

"3. That on or about December 25, 1978, at or about the hour of 9:35 p.m. thereof, CHERYL BOE, hereinafter referred to as Claimant's Decedent, was a passenger in an automobile being driven by TIMOTHY SMITH in a southbound direction along and upon Interstate Route 55 at or near its intersection with U.S. Route 30 in the County of Will, State of Illinois.

* * *

5. That prior to said date, there was present at said location on the western shoulder of the southbound lanes of Interstate 55, a metal guardrail, which guardrail was supported by vertical metal posts.

6. That approximately one week prior to December 25, 1978, said guardrail and post had been damaged so that the north end of said guardrail was not protected by any vertical post and did project outward to the north.

7. That prior to December 25, 1978, the Respondent, State of Illinois, had knowledge and notice that said guardrail had been damaged and that the north end of said guardrail was unprotected by any vertical post and did project outward.

8. That on or about December 25, 1978, the automobile in which claimant's decedent was a passenger was caused to strike the north end of said guardrail, as a direct and proximate result of which, the claimant's decedent suffered severe injuries and died."

On July 28, 1983, counsel for Claimant and Respondent took the evidence deposition of Timothy Smith, the driver referred to in paragraph three of Claimant's complaint.

In his deposition, Smith testified that at the time of the deposition he was 22 years old (making him approximately 17 or 18 years old at the time of the accident). He further testified that he was driving the deceased in her car from O'Hare Airport to Ottawa, Illinois, and that it was snowing lightly. As he approached the scene of the accident, he was travelling approximately 40 miles an hour and he lost control of the car.

"A. I remember driving along Interstate 55 and then the car just started to slide and I lost control of it.

Q. Did you strike any objects along Interstate 55?

A. The guardrail, yes." (Smith evidence deposition 6.)

As a result of the accident Miss Boe died and the driver broke 10 ribs, his upper right arm, right clavicle, and the right side of his jaw. Mr. Smith spent 25 days in the hospital.

Mr. Smith testified that there was no snow accumulation, because the cars were blowing the snow away, but that there might have been an ice patch.

"I couldn't say exactly when the accident happened that there wasn't any ice on the road because everything happened so fast and the car just lost control and just started sliding. I would assume there was an ice patch." (Smith evidence deposition 11).

Mr. Smith testified that the car slid off to the left and started sliding down the highway sideways, and that he tried to avoid the guardrail. He said that the car did

not respond and that it just kept sliding into the guard-rail.

Mr. Smith further testified that at the time of the accident he did not own a car and had no insurance. As a result of the foregoing testimony, it became clear on the face of the record that up until the expiration of the statute of limitations, Claimant had a possible cause of action against Timothy Smith. It is further clear from the answers to interrogatories filed herein by Claimant in November 1979, that the Claimant knew of the existence of Mr. Smith long before the statute of limitations had run.

Approximately three months after the deposition of Smith, Respondent filed its motion to dismiss based on the failure to exhaust remedies.

The position of the parties is well stated in their respective pleadings. In effect Respondent argues that pursuant to section 25 of the Court of Claims Act and Rule 6 of the Court's Rules, claimants must exhaust *all* possible causes of action before seeking final disposition of a case filed in the Court of Claims. Claimant argues that claimants should be given a certain latitude and discretion in determining whom to sue. From Claimant's point of view, it probably did not seem reasonable to sue an uninsured 18-year-old boy with no assets.

However, this Court in its holdings on this issue does not seem to recognize any discretion on the part of claimants to pick and choose whom they wish to sue. In *Lyons v. State*, 34 Ill. Ct. Cl. 268, the Court held as follows.

"The requirement that Claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms. It is apparent to the Court that Claimant had sufficient time to both become aware of his other remedies and to pursue them accordingly. The fact that Claimant can no longer pursue those remedies cannot be a defense to the

exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants. We believe that the language of section 25 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24—5) and Rule 6 of the Rules of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional." 34 Ill. Ct. Cl. 268, 271-72.

Based on the foregoing, Respondent's motion to dismiss based on the failure to exhaust remedies is granted.

Because the first ground for dismissal is sufficient and dispositive, there is no need to discuss the second ground.