(No. 83-CC-2190—

DOROTHY PATTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 30, 1988.*

JOSEPH S. HOLTZMAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, due notice having been given the parties hereto, and the Court being fully advised in the premises:

The court finds that the claim herein seeks damages for personal injuries allegedly sustained by Claimant in a vehicular accident on January 5, 1982, on the Dan Ryan expressway at approximately 1100 south in Chicago, Illinois. Claimant was a passenger in an automobile

owned and operated by her brother-in-law, Virgil Brimley. The automobile in which Claimant was riding collided with the rear-end of a State of Illinois emergency pick-up truck being driven by a Department of Transportation highway maintenance lead worker, Fred S. Peters.

We note that section 25 of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.24—5), and section 790.60 of the rules of the Court of Claims (74 Ill. Adm. Code 790.60) require that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery whether administrative, legal or equitable.

The leading case regarding the Court of Claims exhaustion of remedies requirement, *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, is dispositive of the case at bar. In *Boe*, the Claimant was the mother of a passenger who was killed in an automobile which collided with an allegedly defective guardrail. Claimant sued the State but not the driver of the automobile, arguing "that claimants should be given a certain latitude and discretion in determining whom to sue. From Claimant's point of view, it probably did not seem reasonable to sue an uninsured 18-year-old boy with no assets." *Id.* at 75. However, in rejecting Claimant's argument, this Court stated that it does not "recognize any discretion on the part of Claimants to pick and choose whom they wish to sue." *Id.* Quoting our prior watershed exhaustion of remedies case, *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, we stated:

"The requirement that Claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms. It is apparent to the Court that Claimant had sufficient time to both become aware of his other remedies and to pursue them accordingly. The fact that Claimant can no longer pursue those remedies cannot be a defense to the exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late

to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all Claimants. We believe that the language of section 25 of the Court of Claims Act (cite omitted) and Rule 6 of the Rules of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional." 37 Ill. Ct. Cl. 76, quoting 34 Ill. Ct. Cl. 271-72.

These principles were most recently utilized in our dismissal of the case of a mental health patient who had allegedly been raped by a fellow patient at a State mental health facility. We held that Claimant failed to exhaust her remedies by not pursuing a civil action for damages against the assailant. *Essex v. State* (1987), 85 Ill. Ct. Cl. 1739.

We find that, as in *Boe*, the instant Claimant was aware of the existence of her driver, Virgil Brimley, long before the statute of limitations for an action against him had run. In fact, he was her brother-in-law. Moreover, we see that the Respondent itself pursued this remedy and obtained a judgment against Mr. Brimley for the damage he had caused to the State vehicle.

We hold that it remained incumbent on Claimant herein to exhaust her remedies before seeking final disposition of her claim in this Court. By not pursuing any remedy which may have been derived from Virgil Brimley, Claimant has thus failed to comply with section 25 of the Court of Claims Act, *supra*, and section 790.60 of the rules of this Court. Section 790.90 (74 Ill. Adm. Code 790.90) of the Rules of the Court of Claims provides that failure to comply with the provisions of section 790.60 shall be grounds for dismissal.

It is therefore ordered that the motion of Respondent be, and the same is, hereby granted, and the claim herein is dismissed, with prejudice.