(No. 87-CC-1320–)

ANNETTE BUCHANAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion on motion to dismiss filed January 17, 1989.*

*Order on motion to reinstate filed May 1, 1989.*

*Order on motion to dismiss filed March 22, 1991.*

JAMES R. VASSILOW & ASSOCIATES and DAN WALKER, JR., for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

DILLARD, J.

This cause coming on to be heard on Respondent's motion to dismiss, due notice having been given and the Court being fully advised in the premises;

It is hereby ordered that Claimant is granted 45 days from the filing date of this order to respond to Respondent's motion to dismiss;

It is further ordered that should Claimant fail to respond to this Order, this case is dismissed with prejudice.

## ORDER ON MOTION TO REINSTATE

DILLARD, J.

This cause coming on to be heard on Claimant's motion to reinstate cause, due notice having been given and the Court being fully advised in the premises;

It is hereby ordered that the Court's order of January 17, 1989, dismissing this claim with prejudice is vacated and this matter is fully reinstated.

It is further ordered that Dan Walker, Jr. is granted leave *instanter* to file his appearance on behalf of Claimant in this matter.

## ORDER ON MOTION TO DISMISS

RAUCCI, J.

This cause coming to be heard upon the motion of the Respondent to dismiss the claim herein, due notice having been given the parties hereto, and the Court being fully advised in the premises, the Court finds:

That Claimant filed a complaint in the instant matter alleging personal injuries suffered on December 14, 1984, when she was physically assaulted by Mr. Baron Buchanan on a Chicago Transit Authority elevated platform.

That section 790.60 of the Court of Claims Regulations and section 25 of the Court of Claims Act (Ill. Rev.

Stat. 1987, ch. 37, par. 439.24—5) require that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery whether administrative, legal or equitable.

That Claimant ignored section 25 of the Act and section 790.60 of the Regulations by failing to exhaust her remedies against her attacker, Baron Buchanan, prior to seeking final disposition in the Court of Claims.

That section 790.90 of the Court of Claims Regulations clearly mandates that failure to comply with the provisions of section 790.60 shall be grounds for dismissal.

That this Court has faced a similar situation before. In *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, the Claimant brought suit against the State after her daughter, a passenger in an automobile, died when the driver of that auto collided with an allegedly defective guardrail on a State highway. The Claimant, however, did not file suit against the driver of the vehicle, and as a result, the Respondent filed a motion to dismiss for failure to exhaust remedies pursuant to section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations. In response, the Claimant argued that she "should be given a certain latitude and discretion in determining whom to sue," and, in essence, that it "did not seem reasonable to sue an uninsured 18 year-old boy with no assets." *Id.* at 75. The Court rejected Claimant's argument and granted Respondent's motion to dismiss, holding that the Claimant "must exhaust *all* possible causes of action before seeking final disposition of a case filed in the Court of Claims." *Id.* (Emphasis in original.) The Court reasoned that the language of section 25 of the Act and section 790.60 of the Regulations "clearly

makes the exhaustion of remedies mandatory rather than optional," and that if it were to waive this requirement, "the requirement would be transformed into an option, to be accepted or ignored according to the whim of all Claimants." *Id.* at 76, quoting *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, 271-72.

Like the Claimant in *Boe*, the Claimant in the instant matter has failed to exhaust her remedies.

It is hereby ordered that Claimant's claim is dismissed.