117

(No. 85-CC-1525—)

CAROLYN LEWIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 1, 1989.*

SHERMAN F. JAFFE, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAN SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, due notice having been given the parties hereto, and the Court being advised in the premises:

The court finds that Claimant has filed a complaint seeking damages for personal injury she allegedly sustained while visiting her mother, a patient at Chicago-Read Mental Health Center. The complaint further alleges that Claimant was attacked by Major Cobbs, a patient of Chicago-Read Mental Health Center.

We note that section 25 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.24—5) and section 790.60 of the Court of Claims Rules (74 Ill. Adm. Code 790.60) require any person who files a claim before the Court of Claims shall, before seeking final disposition of his

claim, exhaust all other remedies and sources of recovery.

In *Essex v. State* (1987), No. 85-CC-1739, the Claimant, a patient at John J. Madden Mental Health Center, brought suit against the State after she had been sexually assaulted by another Madden patient. The Claimant, however, did not file an action against her assailant, and as a result, Respondent moved to dismiss the claim for failure to exhaust remedies pursuant to section 25 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.24—5) and section 790.60 of the Court of Claims Rules (74 Ill. Adm. Code 790.60). We, in *Essex*, followed the reasoning set forth in *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, which held that a claimant "must exhaust *all* possible causes of action before seeking final disposition of a case filed in the Court of Claims." (Emphasis in original.) We determined that the language of section 25 and section 790.60 "clearly makes the exhaustion of remedies mandatory rather than optional," and that if it were to waive this requirement, "the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants." *Id.* at 76, quoting *Lyons v. State* (1980), 34 Ill. Ct. Cl. 268, 271-72.

Like the Claimant in *Essex*, Claimant in the case at bar failed to exhaust all remedies available to her prior to seeking final disposition of her claim in the Court of Claims. Accordingly, the Claimant here was obligated to bring a civil action against Major Cobbs.

Section 790.90 of the Court of Claims rules (74 Ill. Adm. Code 790.90) provides that failure to comply with the provisions of section 790.60 shall be grounds for dismissal.

Therefore, Respondent's motion to dismiss should be granted because Claimant has failed to comply with

the exhaustion of remedies requirement mandated in section 25 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.24—5) and section 790.60 of the Rules of the Court of Claims (74 Ill. Adm. Code 790.60).

It is therefore ordered that the motion of Respondent be, and the same is, hereby granted, and the claim herein is dismissed with prejudice.