(No. 85-CC-1427-)

SAM A. MASSALONE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 28, 1989.*

SAM MASSALONE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (CHARLES R. SCHMADEKE, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

The Claimant brought this action to recover $1,023.

The Claimant cited the Escaped Inmate Damages Act (Ill. Rev. Stat., ch. 23, par. 4041) as a basis for this claim. At the hearing before a Commissioner of this Court, the Claimant additionally asserted that the State should be liable pursuant to the provisions of the Parental Responsibility Law (Ill. Rev. Stat., ch. 70, par. 51 *et seq.*).

Mr. Massalone's automobile, a 1973 Comet Mercury, was allegedly stolen on September 29, 1984, and subsequently seriously damaged. The alleged offender was a ward of the State and was, at the time, a resident of the Catholic Children's Home (hereinafter referred to as Home) in Alton, Illinois. The Illinois Department of Children and Family Services (hereinafter referred to as DCFS) had entered into a contract with the Home to provide services to the subject ward. Carol Borders, a licensed specialist employed by DCFS, testified at a hearing at the Home that a duly-licensed private child care institution was obligated to provide supervision of the youths in the facility. She further testified that the Home operates independently of the State. On cross-examination, Borders stated that such agencies licensed by DCFS have responsibility for supervising their residents for 24 hours a day, seven days a week.

The Claimant and his wife, Carol Massalone, testified to the circumstances relating to the alleged theft and their efforts to determine liability subsequent to the recovery of the automobile. They testified that the automobile had a value of approximately $950, and they provided evidence that the cost of repairs to the automobile would exceed that value. The State did not dispute that the Massalone car was stolen by one of its wards.

However, the State did argue that the Court of

Claims did not have jurisdiction over this case because Mr. Massalone failed to exhaust all alternative remedies prior to bringing this claim. Section 25 of the Court of Claims Act states, "Any person who files a claim in the court shall, before seeking final determination of his or her claim, exhaust all other remedies and sources of recovery, whether administrative or judicial * * *." (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5.) In addition, Court of Claims rules specifically provide that "* * * the claimant shall, before seeking final determination of his claim before the Court of Claims, exhaust all other remedies, whether administrative, legal or equitable." 74 Ill. Adm. Code 790.60.

Claimant stated that he had gone to the Home and talked to its office personnel after the theft. He indicated that he was informed that the Home did not have insurance to cover the damages. However, the Claimant did not present any evidence that he pursued recovery against the Home directly. This seems to violate the requirements previously cited about exhausting other remedies prior to coming to this Court. See *Boe v. State* (1984), 37 Ill. Ct. Cl. 72; *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268.

Even if the Claimant had pursued his other remedies, we feel that this Court would still be unable to grant the relief sought by him. The State of Illinois is specifically excluded from the definition of legal guardian under the Parental Responsibility Law when, as in this case, a juvenile is made a ward of the State pursuant to the Juvenile Court Act. In *Rogers v. State* (1987), 32 Ill. Ct. Cl. 257, this Court held that the State is not subject to the Parental Responsibility Law where the minor, as in this case, is under custody order pursuant to the Juvenile Court Act. Furthermore, this Home is not

the type of facility for which coverage is provided by the Escaped Inmate Damages Act. Therefore, we must deny this claim either under the Escaped Inmate Damages Act or under the Parental Responsibility Law, and we further deny this claim for reason that the Claimant failed to exhaust his other remedies prior to bringing the claim. For the reasons stated above, we therefore deny this claim.