(No. 81-CC-0509—

ALTON COMMUNITY UNIT SCHOOL DISTRICT No. 11, Claimant,
v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 27, 1990.*

THOMAS, MOTTAZ, EASTMAN & SHERWOOD (C. DANA EASTMAN, JR., of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (FRANK A. HESS, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

The Claimant, Alton Community Unit School District No. 11, brought this complaint seeking recovery

from the State in the amount of $41,897.10. At the hearing, Claimant's Group Exhibit 2 indicated that total damages were $41,590.74.

Claimant is the occupant of a facility known as the J. B. Johnson Career Development Center (also known as the Alton Area Career Development Center.) The facility was constructed pursuant to a joint venture between Claimant and the Capital Development Board. The certificate of final completion was issued on August 3, 1976. The facility consisted of two buildings, namely, the academic building and the shop building. This claim is for indemnification for work performed by Claimant on the shop building.

On September 12, 1978, there was a fire at the academic building. It was determined that the damage had been caused by negligently installed underground electric cables. J. F. Incorporated, the contractor for the electrical work at the facility, agreed with Claimant that the cables would be replaced at the expense of J. F. Incorporated's insurance company. Subsequently, the wiring leading to the shop building was tested and found to be faulty.

On September 19, 1978, the work began on replacing the underground electrical cables for the shop building. All cables leading from the shop building to the transformer were replaced.

There is no evidence that Claimant has pursued, or sought, recovery from the electrical contractor, J. F. Incorporated. The record also does not indicate whether Claimant attempted to recover damages from Keeney & Stolze, the architectural firm responsible for the design and having substantial supervisory responsibility during the construction of the facility. There is no evidence that

Claimant pursued recovery from the general contractor, S. M. Wilson.

The State argues that the Claimant has failed to exhaust all alternative remedies prior to bringing this claim. Section 25 of the Court of Claims Act states, "Any person who files a claim in the court shall, before seeking final determination of his or her claim, exhaust all other remedies and sources of recovery whether administrative or judicial * * *" (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5.) In addition, the Court of Claims Rules specify that "the Claimant shall before seeking final determination of his claim before the Court of Claims exhaust all other remedies, whether administrative, legal or equitable." 74 Ill. Adm. Code 790.60.

In support of its argument, the State cites *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268. In reply, Claimant argues that this case is an exception to the exhaustion of remedies requirement. Claimant cites *Peccarelli v. State* (1978), 32 Ill. Ct. Cl. 105 in support of the proposition. We reject Claimant's position that under *Peccarelli*, the electrical contractor, the architectural firm and the general contractor are agents of the State.

In *Peccarelli*, the Claimant entered into a contract with a non-State agency to conduct a study of the authority of State's Attorneys. The contract was funded by the Law Enforcement Commission, a State agency, and the non-State agency was required to follow Commission (and State) guidelines and spend the money for the study.

Based upon the record established in this matter, the Court finds that Claimant should have pursued all other remedies prior to the presentation of this claim. The Court finds the decision in *Lyons* to be controlling on

this issue and the decision in *Peccarelli* to be clearly distinguishable.

It is therefore ordered that this claim be, and hereby is, denied.