(No. 94-CC-0467–)

KAREN HAMMONDS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 6, 1995.*
*Order filed September 4, 1997.*

SHEILA T. KIRCHHEIMER, for Claimant.

JAMES E. RYAN, Attorney General (JOEL CABRERA, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein; due notice having been given the parties hereto, and the Court being fully advised in the premises: The Court finds that the claim herein seeks damages for personal injuries allegedly sustained by Claimant on August 31, 1992, when Claimant walked into the store known as "Afterthoughts" and was struck when a large letter "O" fell from the sign.

We note that section 25 of the Court of Claims Act (705 ILCS 505/25) and section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) require that any person who files a claim before the Court of Claims shall, before seeking final determination of his claim by this Court, exhaust all other remedies and sources of recovery whether administrative, legal or equitable. Section 790.90

of the Court of Claims Regulations is clear that failure to comply with section 790.60 shall be grounds for dismissal.

The leading case regarding the Court of Claims exhaustion of remedies requirement, *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, is dispositive of the case at bar. In *Boe*, the Claimant was the mother of a passenger who was killed in an automobile which collided with an allegedly defective guardrail. Claimant sued the State but not the driver of the automobile, arguing "that Claimants should be given a certain latitude and discretion in determining whom to sue. From Claimant's point of view, it probably did not seem reasonable to sue an uninsured 18-year-old boy with no assets." (*Id.* at 75.) However, in rejecting Claimant's argument, the Court stated that it does not "recognize any discretion on the part of Claimants to pick and choose whom they wish to sue." *Id.* Quoting its prior watershed exhaustion of remedies case, *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, we stated:

"The requirement that Claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms. It is apparent to the Court that Claimant had sufficient time to both become aware of his other remedies and to pursue them accordingly. The fact that Claimant can no longer pursue those remedies cannot be a defense to the exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all Claimants. We believe that the language of section [505/25] of the Court of Claims Act [cite omitted] and [Section 790.60] of the Rules of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional." 34 Ill. Ct. Cl. at 271-272; quoted in 37 Ill. Ct. Cl. at 75, 76.

These principles were also utilized in our dismissal of the case of a mental health patient who had allegedly been raped by a fellow patient at a State mental health facility. The Court held that Claimant failed to exhaust her remedies by not pursuing civil action for damages against the assailant. *Doe v. State* (1987), 43 Ill. Ct. Cl. 172.

We find that, as in *Boe,* the instant Claimant was aware of the existence of a liable party, Afterthoughts, long before the statute of limitations for an action against it had run. In fact, she worked at the store.

We hold that it remains incumbent on Claimant herein to exhaust her remedies before seeking final disposition of her claim in this Court. By not pursuing any remedy which may have been derived from Afterthoughts, Claimant has thus failed to comply with section 25 of the Court of Claims Act, *supra,* and section 790.60 of the Court of Claims Regulations. Section 790.90 of the Court of Claims Regulations provides that failure to comply with the provisions of section 790.60 shall be grounds for dismissal.

It is therefore ordered, that the motion of Respondent be, and the same is, hereby granted, and the claim herein is dismissed, with prejudice.

### ORDER

JANN, J.

This cause comes on to be heard on Respondent's motion to dismiss. Claimant has responded and filed a supplemental response. Respondent has filed a supplemental reply brief in support of its motion. The Court being fully advised in the premises herein finds:

Respondent's motion is based upon failure to exhaust remedies pursuant to section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) and section 25 of the Court of Claims Act. (705 ILCS 505/25.) Careful review of the parties' submissions herein result in the following findings:

1. Claimant's complaint was filed on August 31, 1993. The Claimant herein seeks damages for personal injuries allegedly sustained on August 31, 1992, when Claimant

walked into the store known as "Afterthoughts" and was struck when a large letter "O" fell from the sign.

2. Respondent alleges Claimant has failed to exhaust remedies against Afterthoughts Boutique and/or F.W. Woolworth Co. Respondent alleges it is the tenant's (Afterthoughts') duty to keep the sign in good condition according to section 10.01 of the lease which states: "*Affirmative Covenant*. Tenant shall: (a) keep the Premises, including fixtures, displays, show windows, floors and signs, clean, neat, sanitary and safe and in good order, repair and condition (including all necessary replacements, painting and decorating) * * *." The complaint also refers to the sign as a fixture. Section 7.05 of the lease, *Structural Building Systems Maintenance,* states, "Except for those portions of any utility distribution system installed by or on behalf of Tenant for its exclusive use, including fixtures, piping, vents, ducts, wiring, conduit, thermostats and all equipment which is a part thereof, Landlord shall use reasonable efforts to cause the State to keep all structural elements and systems of the Shopping Center, including foundations, floor slabs, stairs, escalators, elevators, exterior windows, heating, ventilating and air conditioning systems not serving the Premises exclusively, and plumbing and wiring, in repair and maintained in a condition consistent with similar facilities in first-class enclosed shopping malls in the Chicago metropolitan area."

3. Claimant argues that the sign in the storefront was installed by the landlord and subject to the control of the landlord. The Claimant alleges the sign was defectively installed by the landlord and the landlord had a duty to install it properly; therefore, the landlord is liable. This allegation is not supported by proof.

4. The affirmative covenant referenced in paragraph 3 expressly states it is the duty of the tenant to keep a sign

in good repair and condition. A covenant is an agreement to do or not do a particular act and the parties have agreed in the affirmative covenant that the tenant will keep the sign in good repair. Also in section 10.01 of the lease the tenant shall: "defend and save the Landlord * * * harmless and indemnified from all liability, injury, loss, cost, damage and expense in respect of any injury to any person, and damage to, or loss or destruction of any property while on the Premises or any other part of the Building occasioned by any act or omission of Tenant * * *."

5. The Claimant alleges the State of Illinois had a nondelegable duty to maintain its property. Because of the alleged nondelegable duty the Claimant alleges the State would be the appropriate party to sue. We disagree as regards exhaustion of remedies. The State of Illinois does have a duty to maintain the premises in a reasonably safe condition for persons who are legitimately on those premises. (*Owens v. State* (1989), 41 Ill. Ct. Cl. 109.) However, the State is not the insurer of the safety of its invitees. (*Heiman v. State* (1977), 32 Ill. Ct. Cl. 111; *Fausch v. State* (1989), 42 Ill. Ct. Cl. 175.) Since the duty to maintain the sign is that of the tenant, the Claimant has failed to exhaust all remedies. The lessee is not held harmless by the State and is a viable joint tortfeasor.

The leading case regarding the Court of Claims exhaustion of remedies requirement, *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, is dispositive of the case at bar. In *Boe,* the Claimant was the mother of a passenger who was killed in an automobile which collided with an allegedly defective guardrail. Claimant sued the State but not the driver of the automobile, arguing "that Claimants should be given a certain latitude and discretion determining whom to sue. From Claimant's point of view, it probably did not seem reasonable to sue an uninsured 18-year old boy with

no assets." (*Id.* at 75.) However, in rejecting Claimant's argument, this Court stated that it does not "recognize any discretion on the part of Claimants to pick and choose whom they wish to sue." *Id.*

We find that, as in *Boe*, the instant Claimant was aware of the existence of a liable party, Afterthoughts, long before the statute of limitations for an action against it had run.

We hold that it remains incumbent upon Claimant herein to exhaust her remedies before seeking final disposition of her claim in this Court. Failure to pursue any remedy which may have been derived from Afterthoughts resulted in a failure to comply with section 35 of the Court of Claims Act, *supra*, and section 790.60 of the Court of Claims Regulations. Section 790.90 of the Court of Claims Regulations provides that failure to comply with the provisions of section 790.60 shall be grounds for dismissal.

It is therefore ordered the motion of Respondent be, and the same is hereby granted, and the claim is dismissed.