(No. 88-CC-3484– )

ANDRE ASBURY, Individually and as Administrator of the Estate of ELETICIA ASBURY, Deceased, Claimant, v. THE STATE OF ILLINOIS, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.

*Opinion filed April 6, 1998.*

JOHN PATRICK HEALY, for Claimant.

JAMES E. RYAN, Attorney General (SEBASTIAN N. DANZIGER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

This matter coming to be heard on the Respondent's motion to dismiss, due notice having been given, and the Court being otherwise duly advised in the premises;

The Court finds:

The Claimant brings this action individually and on behalf of his deceased daughter. The complaint alleges that the Respondents negligently returned the decedent to her natural mother, Violetta Burgas. As a result of the daughter's return to her mother, the decedent was eventually murdered by her mother and another individual named Elijah Stanciel. No suit has been filed against either the natural mother or Elijah Stanciel.

The Respondent has filed its motion to dismiss this action for the Claimant's failure to sue the child's murderers and for failing to state a cause of action.

As stated in *Boe v. State* (1984), 37 Ill. Ct. Cl. 72 and *Lyons v. State* (1980), 34 Ill. Ct. Cl. 268, this Court has consistently interpreted the exhaustion of remedies rule to be an inescapable requirement for filing an action in the Court of Claims. In *Boe*, this Court stated that it does not recognize any latitude or discretion on the part of Claimants to pick and choose whom they wish to sue. In *Lyons*, 34 Ill. Ct. Cl. at 272, this Court stated that section 25 and rule 6 of the Rules of the Court of Claims, "quite

clearly makes the exhaustion of remedies mandatory rather than optional."

In the case at bar, the Claimant had a cause of action against the child's murderers. When the child was returned to her mother, the mother incurred the duty to protect and care for the child. (*Midamerica Trust Co. v. Moffatt* (5th Dist. 1987), 158 Ill. App. 3d 372, 110 Ill. Dec. 787, 793, 511 N.E.2d 964, 970.) The mother murdered the child with the help of a third party, Elijah Stanciel. In failing to exhaust obvious remedies against Burgas and Stanciel, the Claimant has failed to meet a mandatory requirement of maintaining an action in this Court.

We shall not rule upon Respondent's second argument for dismissal based upon a theory of lack of duty owed to Claimant's decedent by Respondents. The record before us does not provide enough evidence to make such a finding at this time.

This cause is hereby dismissed for failure to exhaust remedies against known tortfeasors pursuant to section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) and section 25 of the Court of Claims Act. 705 ILCS 505/25.