(No. 98-CC-3032—

PETER D. HANSEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 27, 1999.*
*Order on petition for rehearing filed December 10, 1999.*

RAZZANO & KINZER (JOSEPH R. YURGINE, P.C., of counsel), for Claimant.

JIM E. RYAN, Attorney General (JACQUELINE K. WILLIAMS, Assistant Attorney General, of counsel), for Respondent.

438

## ORDER

Hess, J.

Before this Court is Respondent's motion to dismiss. Respondent filed this motion on February 25, 1999, and as of March 27, 1999, Claimant has failed to file a response. 74 Ill. Adm. Code 790.200(b) requires any objection to a motion to be filed with the Clerk of the Court within 15 days; therefore, any response by Claimant is denied and will not be considered.

Claimant suffered injuries because of an automobile accident, which occurred on Interstate 57. He was a passenger in his own vehicle, traveling northbound, when a vehicle owned by the State of Illinois, traveling southbound, crossed the median and struck Claimant's vehicle. Apparently, Claimant suffered injuries to his head and hips and continues to have medical problems.

However, as was discovered at the deposition of Claimant, the seatbelt on Claimant's seat, which was fastened around Claimant, failed to engage. Claimant's deposition testimony further revealed that, in the medical opinion of Claimant's doctor, the cause of his injuries was his impact with the windshield and dashboard. This impact obviously would have been eliminated or reduced had Claimant's seatbelt functioned properly.

Respondent's motion to dismiss illustrates these points from the deposition and outlines the applicable law. Respondent is correct in its assertion that the Court

of Claims regulations require claimants to first exhaust all remedies available against any other tortfeasor before proceeding against the State.

Rule 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) and section 25 of the Court of Claims Act (705 ILCS 505/25 (1998)) require that any person who files a claim against the State of Illinois in the Court of Claims must first exhaust all remedies available. Furthermore, Rule 790.90 of the Court of Claims Regulations (74 Ill. Adm. Code 790.90) provides that failure to comply results in dismissal of the claim. This Court has applied these regulations in numerous situations. In *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, the Court ruled that Claimant's action could not proceed because Claimant had failed to sue an uninsured 18-year-old with no assets who was the cause of the accident. Here, Claimant failed to sue Ford Motor Company, a multi-national, multi-million dollar company whose design defect was the apparent cause of Claimant's injuries. The requirement of exhaustion of remedies has been applied in a variety of other cases. *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268 (failure to comply with the statute of limitations as to other tortfeasor does not result in exhaustion); *Morge v. State* (1994), 47 Ill. Ct. Cl. 348 (Exhaustion is an "inescapable requirement" to maintaining an action in the Court of Claims.).

Here, the record is clear that Claimant has failed to exhaust all of the remedies available to him. Therefore, this matter must be dismissed.

## ORDER

HESS, J.

This matter is before the Court on Claimant's petition for rehearing, pursuant to our Rule 790.220 (74 Ill.

Adm. Code 790.220), Respondent's response to Claimant's petition for rehearing, and Claimant's reply to Respondent's response to Claimant's petition for rehearing. The Court being fully advised in the premises states as follows:

Respondent filed a motion to dismiss based upon Claimant's failure to exhaust administrative remedies (74 Ill. Adm. Code 790.60). Claimant failed to timely respond to Respondent's motion to dismiss. The Court, by order dated April 27, 1999, granted Respondent's motion to dismiss. Said motion and order were based on Claimant's deposition testimony where he admitted that his seatbelt failed to properly engage at the time of the accident. The Court therefore agreed with Respondent's reasoning that the proper course of action would be to pursue any remedies available against the manufacturer of the vehicle. Claimant then filed the instant motion.

Claimant's motion alleges that the Court of Claims has erroneously applied our Rule 790.100. (74 Ill. Adm. Code 790.100.) Claimant argues that because Rule 790.100 requires the State to file a response in a case within 60 days that a motion to dismiss filed after the running of that 60 days requires leave of Court. Claimant continues this argument by stating that a motion to dismiss filed under Rule 790.60 is asserting an affirmative defense; therefore, Rule 790.100 requires leave of Court. Claimant then begins a lengthy discourse on the difference between motions to dismiss pursuant to sections 2—619 and 2—615 of the Code of Civil Procedure (735 ILCS 5/2—619, 5/2—615.) While Claimant's statement of the law of the two sections is accurate, it has no effect on the Court's reasoning.

As required by our Rule 790.220 (74 Ill. Adm. Code 790.220), a motion for rehearing must present, "points supposed to have been overlooked or misapprehended by

the Court, with authorities and suggestions concisely stated in support of the points." The reasons Claimant presents are the above-noted discourse on sections 5/2—615 and 5/2—619 motions to dismiss and the fact that Respondent submitted Claimant's deposition testimony without the Court reporter's affidavit.[1] Claimant further states that the motion to dismiss should be reconsidered because the deposition testimony of Claimant failed to offer enough proof, in Claimant's opinion, to overcome the hurdle of summary judgment or motion to dismiss. (At this point in the petition for rehearing, Claimant inserted a one-sentence statement regarding motions for summary judgment. The Court is unaware of any previous reference to a motion for summary judgment and cannot see any relevance to the instant proceedings.) While Claimant's discourse on sections 5/2—615 and 5/2—619 is well noted, Claimant's belief that a motion to dismiss for failure to exhaust remedies, pursuant to Rule 790.60 must be filed within 60 days of the complaint is impracticable. The Attorney General's office has a large caseload and virtually all Rule 790.60 motions are dependent on discovery. To require the Respondent to file a Rule 790.60 motion within 60 days would effectively render said section moot. The Court does not wish to do so at this time.

Regarding Claimant's concern of Respondent submitting Claimant's deposition transcript without the reporter's statement, the Court rejects said argument, as Claimant also cited from said deposition. Indeed, the Court reviewed prior pleadings in this case regarding the final issue cited by the Claimant and reread the following

---

[1] At this point in the brief, Claimants comes close to accusing the Respondent of presenting false evidence to the Court when Claimant states, "Instead, there is [sic] attached nine (9) pages of unsworn documents from a purported deposition transcript of the claimant." The Court finds no basis or reason to doubt the genuineness of said deposition transcript, despite Claimant's urging to the contrary.

transcript from Claimant's deposition testimony, cited by Claimant in a previous pleading.

"Q. Did the seat belt restrain you?

A. Not completely.

Q. In your opinion and from your regular life experience, did the seat belt react the way that they are designed to do so?

A. I don't think so.

Q. And why don't you think so?

A. 'Cause I still got injured.

Q. Did it engage and lock at the time of the impact to prevent you from going forward?

A. No."

Claimant notes in his petition for rehearing that enough evidence was not presented in the nine pages of deposition transcript to overcome the burden of a motion to dismiss. Said argument appears to be based on a quantity rather than quality argument. The Court does not find this argument persuasive. Claimant admitted in his deposition that the seatbelt failed to engage and lock, therefore the motion to dismiss based upon failure to exhaust remedies was proper.

Accordingly, Claimant's petition for rehearing is denied.