(No. 84-CC-0687—)
GARY LUTZ, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 30, 1989.*

ROBERT A. HENNESSY, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAN SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, due notice having been given the parties hereto, and the Court being advised in the premises:

The court finds that Claimant has filed a complaint seeking damages for personal injury while incarcerated at Joliet Correctional Center. The complaint further alleges that Claimant was attacked by his cellmate, Frank Alerte, while sleeping in his bunk bed.

We note that section 25 of the Court of Claims Act and section 790.60 of the rules of the Court of Claims require any person who files a claim before the Court of Claims shall, before seeking final disposition of his claim, exhaust all other remedies and sources of recovery. Ill. Rev. Stat., ch. 37, par. 439.24—5; 74 Ill. Adm. Code 790.60.

In *Essex v. State* (1987), No. 85-CC-1739, the Claimant, a patient at John J. Madden Mental Health Center, brought suit against the State after she had been sexually assaulted by another Madden patient. The Claimant, however, did not file an action against her assailant, and as a result, Respondent moved to dismiss the claim for failure to exhaust remedies pursuant to section 25 of the Court of Claims Act and section 790.60 of the rules of the Court of Claims. We, in *Essex*, followed the reasoning set forth in *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, which

held that a claimant "must exhaust *all* possible causes of action before seeking final disposition of a case filed in the Court of Claims." (Emphasis in original.) We determined that the language of section 25 and section 790.60 "clearly makes the exhaustion of remedies mandatory rather than optional," and that if it were to waive this requirement, "the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants." *Boe*, at 76, quoting *Lyons v. State* (1980), 34 Ill. Ct. Cl. 268, 271-72.

Like the claimant in *Essex*, Claimant in the case at bar failed to exhaust all remedies available to him prior to seeking final disposition of his claim in the Court of Claims. Accordingly, the Claimant here was obligated to bring a civil action against Frank Alerte.

Section 790.90 of the rules of the Court of Claims provides that failure to comply with the provisions of Section 790.60 shall be grounds for dismissal.

Therefore, Respondent's motion to dismiss should be granted because Claimant has failed to comply with the exhaustion of remedies requirement mandated in section 25 of the Court of Claims Act and section 790.60 of the rules of the Court of Claims.

It is therefore ordered that the motion of Respondent be, and the same is hereby granted, and the claim herein is dismissed with prejudice.