(No. 86-CC-2123– )

MICHELE SCARZONE, a minor, by MARILYN SCARZONE, her Mother and Next Friend, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 2, 1990.*

JOSEPH P. STORTO, P.C. & ASSOCIATES (PATRICIA A. KALAL, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

Claimant in this cause by her mother originally filed a claim in the Will County Circuit Court against K-5 Construction Company and the Illinois State Highway Department for injuries to her arm and wrist, sustained by Claimant, a minor, on September 15, 1985, while riding her bicycle on Illinois Route 59, a two-lane highway with a shoulder but no sidewalks, near Naperville Road in Plainfield, Illinois, seeking recovery for an award for damages of $15,000.00.

The Complaint filed against K-5 Construction Company was subsequently dismissed by the circuit court pursuant to a summary judgment motion filed by defendant, K-5 Construction Company, resulting in no judgment or settlement being awarded to minor plaintiff in the State court case.

Claimant was riding her bicycle along the east shoulder of Illinois Route 59, attempting to make a right-hand turn to go eastbound on Naperville Road, when she encountered a pothole, lost control and fell from her bicycle. Claimant sustained a fracture of her left forearm.

Claimant disclosed the hole on the shoulder and a white marking on the roadway indicating the pothole.

Respondent's witness, a maintenance field technician with the Illinois Department of Transportation for more than nineteen years, who supervises four foremen and between 45 and 50 workers in the maintenance department, whose responsibility included the location where Ms. Scarzone was injured, testified that 20 to 25 times a year he receives requests from the IDOT District Office in Schaumburg to investigate incidents which have occurred in his jurisdiction. Upon receipt of a memorandum of the subject accident, he did investigate and answer the questions put to him. His response to the memo indicated that there had been no prior notice to IDOT of a pothole or washout at the location involved. He also stated that there was a continuous effort to maintain gravel shoulders. The witness further testified that most complaints are made to the 24-hour communication center at the district office. He identified Respondent's group Exhibit No. 3 as a memo to the communication center asking whether they had received any

complaints about the scene of the accident on or prior to September 15, 1985, and their response was that no such complaint had been received there.

Claimant cites *Welch v. State* (1966), 25 Ill. Ct. Cl. 270, decided by this Court in support of her contention that Respondent had a duty to maintain the shoulder of Route 59, so that bicyclists might use shoulders as highways. The Illinois Motor Vehicle Code requires bicyclists to ride on the roadway and not the shoulder (Ill. Rev. Stat. 1985, ch. 95½, pars. 1—179 and 11—1505), unless some unusual circumstances require use of the shoulder. The record in this cause does not disclose any unusual circumstances. The *Welch* case described a proper use of a shoulder, as was so used in the *Welch* case so as to avoid a collision with a car that was on the wrong side of the road. This Court further stated in that case, "We do not by this opinion propose to expand the degree of responsibility imposed upon the State in the maintenance of a shoulder," and the Court has long held that Respondent is not bound to maintain a shoulder in the same condition as the paved surface of the highway.

The Vehicle Code further provides that "(a) Every bicycle when in use at nighttime shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least 500 feet to the front * * *." (Ill. Rev. Stat., ch. 95½, par. 11—1507.) Claimant's bicycle was not equipped with any headlight, and she testified that at the time of her accident, "It was dusk and some cars had their headlights on already."

Claimant further contends that Respondent failed to maintain the shoulder on Route 59 in a reasonably safe manner. Claimant's uncorroborated testimony and photo evidence do not meet her burden of establishing by the preponderance of the evidence that Respondent

had a duty to maintain the gravel shoulders of Route 59 as a roadway, that Respondent neglected to maintain the shoulders in a reasonably safe condition or that anything Respondent did or did not do was the proximate cause of Claimant's injuries. The testimony of Respondent's witness, the maintenance field technician for 19 years, indicates the procedural policy of Respondent in maintaining its highways in a technical, systematic and orderly manner and the budget allowances for such purposes to avoid any incidents such as alleged in this cause, and refutes the contention of Claimant of the failure by Respondent to maintain its highways in a reasonably safe condition.

This Court in *Simpson v. State* (1985), 37 Ill. Ct. Cl. 76, ruled that the State is not the insurer of Claimant's safety and that Claimant must prove by a preponderance of the evidence that a dangerous condition existed and that the State knew of the condition and that the condition caused the incident complained of. None of these elements exist in the present cause.

It is therefore ordered, adjudged and decreed that this Claim is denied, and forever barred.