(No. 85-CC-1739-)

JANE DOE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on Motion to Dismiss filed October 1, 1987.*

*Order on Motion to Vacate and for General Continuance filed March 30, 1988.*

*Order on Motion to Reconsider and for General Continuance filed September 12, 1988.*

*Order filed June 3, 1991.*

FRANK J. MACKEY, JR., for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

RAUCCI, J.

This cause coming on to be heard on Respondent's motion to dismiss the Claimant's response thereto, and the Court being fully advised in the premises finds:

1. Claimant cites five of our prior decisions in which no issue was raised that the Claimants had not sought relief against mental patients who had attacked them or stolen their property. Three of these cases were decided before the enactment of section 25 of the Court of Claims Act (Ill. Rev. Stat. 1972, ch. 37, par. 439.24—5). (*Maloney v. State* (1957), 22 Ill. Ct. Cl. 567; *Callbeck v. State* (1958), 22 Ill. Ct. Cl. 722; and *Robinson v. State* (1965), 25 Ill. Ct. Cl. 67.) In two other cases, the causes of action arose less than six months after January 1, 1972, the effective date of section 25. (*Smith v. State* (1974), 30 Ill. Ct. Cl. 167; and *Choiniere v. State* (1974), 25 Ill. Ct. Cl. 174.) Nothing in *Smith* or *Choiniere* indicated that the Claimants' failures to comply with section 25 had been brought to the Court's attention. In this case, however, the failure of Claimant has been raised.

2. That Claimant failed to exhaust remedies against Gerald Washington, and by virtue of our decision in *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, this action is barred.

It is therefore ordered, that the Respondent's motion to dismiss is granted, and this claim is dismissed, with prejudice.

174

## ORDER ON MOTION TO VACATE AND FOR GENERAL CONTINUANCE

RAUCCI, J.

This case coming on to be heard on the Claimant's motion to vacate and for a general continuance, the Court being fully advised in the premises, the Court:

Finds that on October 1, 1987, we entered an order dismissing this action for the reason that Claimant had not exercised her remedies against Gerald Washington, the man who allegedly raped and assaulted her. On October 28, 1987, 27 days after our order, Claimant filed an action in the circuit court of Cook County sounding in tort. It alleges August 14, 1983, as the date of the rape and assault. On its face it is well outside the two-year statute of limitations. It is therefore ordered that the motion to vacate and for a general continuance is denied.

## ORDER ON MOTION TO RECONSIDER AND FOR GENERAL CONTINUANCE

RAUCCI, J.

This cause coming on to be heard on the Claimant's motion to reconsider and her separate motion for general continuance, the Court being fully advised in the premises, the Court

Finds:

1. On October 1, 1987, we dismissed this action for failure of Claimant to exhaust her remedies against Gerald Washington, the person alleged to have assaulted and raped her in the John Madden Mental Health Center on August 14, 1983.

2. On October 27, 1987, the Claimant filed an action against Gerald Washington, and, on October 29, 1987, filed a motion to vacate and for a general continuance. We denied that motion on March 30, 1988, noting that on its face, the suit was outside the two-year statute of limitations.

3. On April 19, 1988, Claimant filed a motion to reconsider urging that because Claimant is mentally ill she is under a legal disability and that pursuant to Ill. Rev. Stat. 1987, ch. 110, par. 13—211, the Statute of Limitations is tolled. It also appears that while Mr. Washington was served with summons in the circuit court action, no issue has been raised in the circuit court concerning the Statute of Limitations.

4. On May 27, 1988, Claimant filed a motion for general continuance.

It is therefore ordered:

1. The orders of March 30, 1988 and October 1, 1987 are hereby vacated and held for naught.

2. The Respondent's motion to dismiss is hereby denied without prejudice to being reasserted if a determination is made in the circuit court action that the Statute of Limitations was violated.

3. The motion for general continuance is granted.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the joint stipulation of the parties, the Court being fully advised in the premises,

Finds:

A. The parties have stipulated as follows:

1. That this claim sounds in tort and is brought pursuant to Section 8(d) of the Court of Claims Act. Ill. Rev. Stat. 1989, ch. 37, par. 439.8(d).

2. That on August 14, 1983, Claimant was admitted to the John Madden Mental Health Center located in Hines, Illinois. Madden Mental Health Center is a facility operated by the Illinois Department of Mental Health and Developmental Disabilities.

3. That on August 14, 1983, the Claimant, while in Madden Mental Health Center, was raped by a male patient at the facility.

4. That Claimant, Jane Doe, exhausted all remedies against her attacker.

5. That the parties hereto have agreed to a settlement of this claim in order to avoid further litigation, and that the Respondent, State of Illinois, hereby agrees to the entry of an award in favor of Claimant, Jane Doe in the amount of thirty seven thousand five hundred dollars and no cents ($37,500.00), in full and final satisfaction of the claim herein.

6. That it is understood and agreed between the parties that the settlement herein does not constitute an admission of any liability, nor have any expressions been made by either party, or the attorneys therefore, as to any legal liability or other responsibility of any party thereto.

7. That each party agrees to assume its own costs and fees.

8. That Claimant, her estate, heirs, and assigns, hereby waives, releases and relinquishes any claim or suit for personal, emotional or bodily injury against the State of Illinois, the Illinois Department of Mental Health and Developmental Disabilities, John Madden Mental Health Center, their subdivisions, officers or employees, arising out of or in connection with the incident complained of herein.

B. We have examined the entire record in this cause. Among other things, the record contains a transcript of proceedings of the 9 September 1983, hearing before the grand jury of Cook County. The transcript illustrates what evidence would be adduced at a hearing.

Claimant, then 22 years of age, was brought by her mother to be checked in as a resident at the Madden Mental Health Center in Hines, Illinois. Claimant was in a co-educational living unit. In that unit, there are people who are charged with crimes and have been committed by order of court, and others, such as Claimant, who have problems that have been diagnosed by doctors. Doors are not locked.

Another resident, Denise Komanecki, saw one resident, Gerald Washington, taking Claimant in the direction of his room. The transcript reveals that Washington was at the Madden Center for evaluation after being charged with aggravated battery as a result of his alleged attack on a woman and for slamming her baby into the sidewalk.

Washington had previously attempted to get Komanecki to his room for the purpose of engaging in sex.

Komanecki immediately informed a nurse, Linda Harley, of what was occurring in the unit. Harley then found Washington and Claimant in another patient's room. They were engaged in an act of sexual intercourse. She called security, and Washington was restrained. He was charged with rape.

Respondent had three staff members and 43 patients in the unit.

The record also reveals that a court-appointed psychiatrist found Washington "was Legally Insane at the time of the crime" by virtue of schizophrenia. His history with the Department of Mental Health and Developmental Disabilities began in 1982. The Respondent's clinical report describes him as "grandiose, delusional and paranoid."

C. The record establishes that there is a factual basis for the joint stipulation. We further find that the joint stipulation is not unfair and is not unreasonable, and should be approved.

It is ordered, adjudged, and decreed that Claimant is awarded $37,500.00 in full and complete satisfaction of this claim. It is further ordered that the Claimant be designated as Jane Doe for purposes of publication.