(No. 93-CC-1890— <span style="background:black">      </span>

MARY LAUGHARY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 3, 1993.*

*Order filed March 3, 2000.*

WARREN E. DANZ, for Claimant.

JIM E. RYAN, Attorney General (BRIAN J. DEES, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

This cause coming on to be heard on the request of Claimant to dismiss the above-captioned matter and the Court being fully advised in the premises, it is hereby ordered that the request of Claimant be, and is, hereby allowed, and the case accordingly is dismissed.

## ORDER

MITCHELL, J.

This matter was before the Court for hearing on the complaint of the Claimant on January 14, 1999.

Both parties have filed briefs.

The petitioner, Mary Laughary, visited the Capitol Building in Springfield, Illinois, on June 20, 1992. The petitioner resides in California, and with her husband, grandson and daughter were visiting the Capitol Building while on vacation.

Claimant first visited the Visitor's Center and stated that she was instructed to take a certain pathway over to the State Capitol Building. Accompanied by her family, the Claimant proceeded on the sidewalk towards the back of the Capitol Building on the Monroe Street side of the Capitol and tripped on a raised portion of the sidewalk.

Claimant testified that she did not have any visual problems or any handicaps. Claimant testified the weather conditions were sunny, about 80 degrees with a clear blue sky. Claimant testified that prior to falling she was looking ahead of herself and that she fell on her left arm and left shoulder. Claimant said she tripped with her right foot on a raised portion of the sidewalk.

Claimant's expert, Matt Green, testified that the area where Claimant tripped consisted of two separate portions of concrete with three-fourths inch through one inch height difference vertically and approximately the same gap between the two slabs in a horizontal direction. Mr. Green admitted that he did not measure between the two sections; instead, he "eye-balled" the measurement.

Mr. Green further testified that he had never taken any course of study regarding pedestrian safety and had never undertaken any course of study that would correlate the degree of dangerousness of a sidewalk to pedestrian traffic with regard to elevation between two separate pieces of sidewalk. Mr. Green said he partially arrived at his conclusion through "common sense."

Finally, Mr. Green stated that his opinion that the deviation in the height of the sidewalk was not acceptable,

was not based on any formal written standard, but, rather, was based on his opinion only.

Dr. Caren Ires testified by evidence deposition. She is a board certified orthopedic surgeon. She testified that the Claimant suffered a tear to the rotator cuff of her left shoulder and Dr. Ires performed surgery to repair the rotator cuff tear on December 3, 1992. She testified that the tear of the rotator cuff was causally related to the history of the accident on June 20, 1992. Claimant's total medical bills as a result of the accident were $14,710.70.

Claimant testified she still has stiffness in her right knee and is not able to do many of the activities that she could do before. She further reported pain to her left arm and hands.

Claimant cites *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468, to establish that:

"a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover it or realize the danger, or fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."

Claimant argues that, because the Capitol attracts people to Springfield, the Respondent has a duty to properly inspect the sidewalk and notice a defect where the petitioner suffered her injuries. Claimant further argued that the Respondent should not have expected the Claimant to notice the defect on her own. Finally, Claimant argued that Respondent failed to exercise a reasonable degree of care by its failure to post a warning of the defective condition and did not repair the defect in a timely manner.

Respondent argues that the clearly established rule in "sidewalk" cases is that, "municipalities do not have a

duty to keep all sidewalks in perfect condition at all times." *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 604, 145 N.E.2d 105, 106.

In *Simpson v. State* (1985), 37 Ill. Ct. Cl. 76, Claimant was injured in a state park when she fell on a drop-off of one to one and one-half inches. In ruling in favor of Respondent, the Court observed the following:

"The State is not an insurer of Claimant's safety. To recover damages, Claimant must prove by a preponderance of the evidence that a dangerous or defective condition existed on or around the pathway, that the State knew or should have known of this condition, and that this condition caused Claimant's injuries."

The Court observed that the drop-off was less than two inches and noted the general rule on such cases is that "minor" defects in a walkway are not actionable.

The Court of Claims has also been consistent in holding that, in order for a Claimant to recover in a negligence action involving defects in a sidewalk, the State must have had actual or constructive notice of the defect that caused the injury. *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194, 199.

The record in this case is without any actual or constructive notice of any defect in the area where the accident took place. Furthermore, the Claimant has failed to present any evidence that there have been prior injuries on this sidewalk.

Respondent points out that Claimant did not cite any case law which found liability with comparable dimensions of the defect as described herein. Respondent cited several cases and argued that they stand for the proposition that a defect of three-fourths to one inch is not actionable. *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 378 N.E.2d 502 (one and one-eighth inch not actionable); *Birick v. City of Quincy* (1993), 241 Ill. App.

3d 199, 608 N.E.2d 920 (one and seven-eighths inches not actionable).

Claimant has failed to establish a duty, or a breach of duty. Furthermore, Claimant has failed to establish that the Respondent had either actual or constructive notice of any defects in the sidewalk. Therefore, the claim is denied.