(No. 85-CC-2023– <span style="background:black"></span>

GEORGE HOWELL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 25, 1993.*

JAMES J. KENNEY, for Claimant.

ROLAND W. BURRIS, Attorney General (COLLEEN MCCLOCKEY VON OHLEN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This cause coming to be heard on Respondent's motion to dismiss, due notice having been given and the Court being fully advised in the premises, the Court makes the following findings:

The Claimant seeks damages for personal injuries allegedly sustained when Claimant, who at the time of the alleged occurrence was an inmate at Joliet Correctional Center, was allegedly attacked by another inmate named Henry Henderson. Claimant alleges that the Respondent owed Claimant a duty of protection while Claimant was incarcerated at Joliet Correctional Center, and that Respondent breached that duty on September

25, 1984, when another inmate, Henry Henderson, attacked Claimant.

Section 25 of the Court of Claims Act and section 790.90 of the Court of Claims Regulations require that the claimant shall, before seeking final determination of his claim before the Court of Claims, exhaust all other remedies, whether administrative, legal or equitable. *Doe v. State* (1991), 43 Ill. Ct. Cl. 172, is controlling authority on the exhaustion of remedies issue before this Court. In that case, the claimant, a patient at John J. Madden Health Center, brought suit against the State in the Court of Claims after she had been sexually assaulted by another patient. The claimant did not file an action against her assailant. This Court dismissed her claim pursuant to section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations because she failed to exhaust her remedies. The Court relied upon *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, in holding that the claimant's action was barred.

In *Lutz v. State* (1989), 42 Ill. Ct. Cl. 124, 126, the claimant sued the State for damages resulting from personal injuries sustained when the claimant, an inmate at Joliet Correctional Center, was attacked by his cellmate, Franke Alerte. The Court wrote

"Like the claimant in Essex, Claimant in the case at bar failed to exhaust all remedies available to him prior to seeking final disposition of his claim in the Court of Claims. Accordingly, the Claimant here was obligated to bring a civil action against Frank Alerte." (*Lutz v. State* (1990), 42 Ill. Ct. Cl. 124, 126.)

The Court then dismissed claimant's complaint with prejudice for failure to exhaust all remedies pursuant to section 790.90 of the Court of Claims Regulations.

In *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, claimant's decedent was killed when the car in which she was a passenger collided with an allegedly defective guardrail on a

State highway. The driver of the automobile was an 18-year-old uninsured man with no assets. This Court held that section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations barred claimant's suit against the State.

"° ° ° Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional." *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, 272.

These principles were most recently used in our dismissal of the case of an inmate who had allegedly been attacked by his cellmate. We held that claimant failed to exhaust his remedies by not pursuing a civil action for damages against the assailant. *Lutz v. State* (1989), 42 Ill. Ct. Cl. 124.

Similarly, the case at bar should be dismissed for failure to comply with the exhaustion of remedies requirement. Claimant has not brought a civil action against his assailant, Henry Henderson. As the above-cited case law indicates, this failure to bring suit against Henderson precludes this suit against the State in the Court of Claims.

The fact that the statute of limitations has run regarding Claimant's action against Henderson does not abrogate the exhaustion of remedies requirement:

"The fact that Claimant can no longer pursue those remedies cannot be a defense to the exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants." *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, 272.

The exhaustion of remedies requirement is not optional or discretionary. It is a mandatory measure that claimants must pursue in order to bring an action in the Court of Claims. In the case at bar, Claimant has failed to

exhaust his remedies, and as a result, this Court has no jurisdiction to hear his case.

It is hereby ordered that Claimant's claim is dismissed with prejudice.