(No. 91-CC-1755-)

MAMIE BLAKELY, Individually and as the Administrator of the Estate of ROBERT D. MORRIS, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed June 25, 1993.*

BRESLER, BRENNER, MOLTZEN & HARVICK, for Claimant.

ROLAND W. BURRIS, Attorney General (BARRINGTON D. BAKER, Assistant Attorney General, of counsel), for Respondent.

ORDER

FREDERICK, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claims herein, due notice having been given the parties hereto, and the Court being fully advised in the premises:

The Court finds that the claim herein seeks damages for personal injuries allegedly sustained by Robert Morris during an incident which occurred while he was an inmate at the Joliet Correctional Center in Joliet, Illinois. Based upon this incident, the Claimant alleges wrongful death. According to the Claimant's complaint, it was the negligence of the Department of Corrections which caused the plaintiff these alleged injuries. We note that section 25 of the Court of Claims Act (Ill. Rev. Stat. 1989, ch. 37, par. 439.24—5) and Rule 6 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) require that any person who files a claim before the Court of Claims shall

exhaust all other remedies and sources of recovery whether administrative, legal or equitable.

The leading case regarding the Court of Claims exhaustion of remedies requirement is *Doe v. State* (1991), 43 Ill. Ct. Cl. 172, which is dispositive of the case at bar. In *Doe*, claimant, a patient at John J. Madden Health Center, brought suit against the State after she had been sexually assaulted by another Madden patient. The claimant sued the State but did not file an action against her assailant. Accordingly, Respondent moved to dismiss for failure to exhaust remedies pursuant to section 25 of the Court of Claims Act and Rule 6 of the Court of Claims Regulations. This Court, in *Doe*, followed the reasoning set forth in *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, where we held that claimants "must exhaust *all* possible causes of action before seeking final disposition of a case filed in the Court of Claims." (Emphasis in original.) The language of section 25 and Rule 6 clearly makes the exhaustion of remedies mandatory rather than optional. To quote our prior watershed exhaustion of remedies case, *Lyons v. State* (1981), 34 Ill. Ct. Cl. 268, we stated:

"The requirement that claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms. It is apparent to the Court that claimant had sufficient time to both become aware of his other remedies and to pursue them accordingly. The fact that claimant can no longer pursue those remedies cannot be a defense to the exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because Claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants. We believe that the language of Section 25 of the Court of Claims Act (cite omitted) and Rule 6 of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional." 37 Ill. Ct. Cl. 76; 34 Ill. Ct. Cl. 271-72.

These principles were most recently used in our dismissal of the case of an inmate who had allegedly been

attacked by his cellmate. We held that claimant failed to exhaust his remedies by not pursuing a civil action for damages against the assailant. *Lutz v. State* (1989), 42 Ill. Ct. Cl. 124.

We find as we did in *Doe* and *Lutz*, that the instant Claimant had an affirmative duty to exhaust all remedies available before seeking damages in the Court of Claims. Thus the Claimant has failed to comply with section 25 of the Court of Claims Act, *supra*, and Rule 6 of the Regulations of the Court. Rule 9 of the Court of Claims Regulations provides that failure to comply with the provisions of Rule 6 shall be grounds for dismissal. 74 Ill. Adm. Code 790.90.

In the past we have excluded from section 25 those incidents wherein the other tortfeasor was unknown. However, in the present case, the Claimant specifically names the other alleged tortfeasor and fails to state that a suit for wrongful death was filed against that known tortfeasor.

If there is a known tortfeasor, the claimant must seek his remedy first against that known tortfeasor. The case in the Court of Claims would be placed on general continuance until the State court claim is concluded. The Claimant in this case has failed to follow our precedents and the law.

It is therefore ordered that the motion of Respondent be, and the same is hereby, granted, and the claim herein is dismissed.