(No. 92-CC-0323-

DIANE WELSH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 25, 1993.*
*Order filed June 29, 1994.*

SCHAFFNER, RAVINOWITZ, & FEINARTZ, P.C., for Claimant.

ROLAND W. BURRIS, Attorney General (BARRINGTON D. BAKER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

FREDERICK, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claims herein, due notice having been given the parties hereto, and the Court being fully advised in the premises:

The Court finds that the claim herein seeks damages for personal injuries allegedly sustained by Claimant during an incident which occurred while she was visiting a patient at Madden Mental Health Center in Hines, Illinois. Based upon this incident, the Claimant alleges serious personal injuries. According to the Claimant's complaint, it was the negligence of the Department of Mental Health & Developmental Disabilities which caused the plaintiff these alleged injuries. We note that section 25 of the Court of Claims Act (Ill. Rev. Stat. (1989), ch. 37, par. 439.24—5) and section 790.60 of the Court of Claims Regulations (74 Ill. Adm. Code 790.60) require that any person who files a claim before the Court of Claims shall exhaust all other remedies and sources of recovery whether administrative, legal or equitable.

The leading case regarding the Court of Claims exhaustion of remedies requirement is *Doe v. State* (1991), 43 Ill. Ct. Cl. 172, which is dispositive of the case at bar. In *Doe*, claimant, a patient at John J. Madden Health Center, brought suit against the State after she had been sexually assaulted by another Madden patient. The claimant sued the State but did not file an action against her assailant. Accordingly, respondent moved to dismiss for failure to exhaust remedies pursuant to section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations. This court, in *Doe*, followed the reasoning set forth in *Boe v. State* (1984), 37 Ill. Ct. Cl. 72, 75, where we held that claimants "must exhaust *all* possible causes of action before seeking final disposition of a case filed in the Court of Claims." (Emphasis in original.) The language of section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations clearly makes the exhaustion of remedies mandatory rather than optional. To quote our prior watershed exhaustion of remedies case (*Lyons v. State* (1981), 34 Ill. Ct. Cl. 268), we stated:

"The requirement that claimant exhaust all available remedies prior to seeking a determination in this Court is clear and definite in its terms. It is apparent to the Court that claimant had sufficient time to both become aware of his other remedies and to pursue them accordingly. The fact that claimant can no longer pursue those remedies cannot be a defense to the exhaustion requirement. If the Court were to waive the exhaustion of remedies requirement merely because claimant waited until it was too late to avail himself of the other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all claimants. We believe that the language of Section 25 of the Court of Claims Act [citation omitted] and Rule 6 of the Rules of the Court of Claims quite clearly makes the exhaustion of remedies mandatory rather than optional."

These principles were most recently used in our dismissal of the case of an inmate who had allegedly been attacked by his cellmate. We held that claimant failed to exhaust his remedies by not pursuing a civil action for damages against a known tortfeasor. (*Lutz v. State* (1989), 42 Ill. Ct. Cl. 124.) The appropriate procedure would be

to sue the known tortfeasor in state court, file against the State of Illinois in the Court of Claims, and have the Court of Claims case placed on general continuance.

We find that as in *Doe* and *Lutz*, the instant Claimant had an affirmative duty to exhaust all remedies available against a known tortfeasor before seeking final damages in the Court of Claims. Thus the Claimant has failed to comply with section 25 of the Court of Claims Act, *supra*, and section 790.60 of the Court of Claims Regulations. Section 790.90 of the Court of Claims Regulations provides that failure to comply with the provisions of section 790.60 shall be grounds for dismissal.

It is therefore ordered that the motion of Respondent be, and the same is hereby granted, and the claim herein is dismissed with prejudice.

## ORDER

FREDERICK, J.

This cause coming on for hearing on Claimant's motion to vacate order of dismissal entered June 25, 1993, and the Court having reviewed the file, heard oral arguments, and the Court being fully advised in the premises,

Wherefore, it is ordered that the motion to vacate the order of dismissal entered June 25, 1993, is denied.