(No. 89-CC-0270— )

Margo Schneider, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed October 4, 1994.*

Skaletsky & Mannis (Scott Skaletsky, of counsel), for Claimant.

Roland W. Burris, Attorney General (Richard J. Krakowski, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Jann, J.

Claimant was injured while riding a bicycle on Illinois Route 132 near the intersection of Riverside Drive in Gurnee, Illinois, on July 28, 1987, at approximately 4:00 p.m. Claimant's bicycle struck a sewer grate as Claimant was trying to avoid a protruding mirror on a passing van. The bicycle tire lodged in the sewer grate causing Claimant to flip over the handlebars. Claimant suffered injuries to her lip, teeth and general bruising and soreness to her body.

Claimant asserts that the State was negligent in designing, constructing and maintaining the sewer grate

adjacent to the roadway. The openings in the grate in question run parallel to the curb rather than perpendicular.

In order to recover, Claimant must prove by a preponderance of the evidence that a dangerous condition existed, that Respondent knew of the condition and that the condition proximately caused the incident complained of. *Scarzone v. State* (1990), 43 Ill. Ct. Cl. 207.

Claimant was riding outside the striped roadway near the curb when she encountered the sewer grate. She testified that she moved toward the curb to avoid a passing motorist whose mirrors protruded into the area where Claimant was riding. Claimant would ordinarily be expected to ride upon the striped roadway barring unusual circumstances or the specific designations of bicycle lanes outside those used by vehicular traffic. As Claimant was acting to protect herself from other traffic, her conduct in moving to the area outside the striped roadway was reasonable under the circumstances.

There was no testimony offered by either party as to whether the white lines painted on the sides of the roadway in question were to demarcate the limits of the usable highway or to establish a lane for use by bicyclists. There was also no evidence that Respondent had notice that the area in question was extensively used by bicyclists or that similar incidents had occurred in the prior 51 years of the existence of the roadway as presently configured. Claimant asserts that because the parallel grate is open and obvious, the State is automatically on notice of a dangerous condition. We disagree. No evidence was offered to support this contention.

We find *Cole v. City of East Peoria* (1990), 201 Ill. App. 3d 756, 559 N.E.2d 769 (3rd Dist.), rehearing denied,

June 27, 1990, most analogous on the issue of notice. In *Cole*, a father brought suit for injuries suffered by his daughter when her bicycle tire caught in a similar parallel sewer grate. The circuit court granted summary for the city but the appellate court reversed and remanded the case. Constructive notice was a key factor in the decision. Unlike this case, however, there was substantial evidence indicating notice to the city:

"° ° ° (1) since at least 1979, the City knew of the danger of the ° ° ° grates ° ° ° and had replaced ° ° ° broken or damaged ° ° ° [grates] with [new grates] containing safety features; (2) the area of the street where the minor's injuries occurred had an extended white line four feet from the curb on the side of the grate; (3) the area between the white line and the nearest curb was being used extensively by bicyclists and pedestrians; and (4) prior to the injury to the minor, the City had notice that another bicyclist had been injured when a wheel of a bicycle ° ° ° had fallen through a similar grate." *Cole*, 201 Ill. App. 3d at 761; 559 N.E.2d at 773.

We find the Claimant has failed to prove her case by a preponderance of the evidence and hereby deny this claim.