(No. 87-CC-3327–)

WILLIE LEWIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1995.*

WILLIE LEWIS, *pro se*, for Claimant.

JIM RYAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent

OPINION

PATCHETT, J.

This is a claim by a resident of the Illinois Department of Corrections. On December 11, 1986, Mr. Lewis was a resident of the Stateville Correctional Center. At approximately 6:00 p.m., he was en route from his work assignment to his cell block. He was the victim of an attack by several other inmates. It was undisputed that he was seriously injured as a result of this attack.

Mr. Lewis has brought a claim against the State of Illinois for the injuries he suffered. The trial of this claim was held before a Commissioner of this Court. Mr. Lewis was the only witness. His testimony was undisputed as to the attack and the results of that attack.

Unfortunately for Mr. Lewis, he failed to meet two important requirements for recovery for his injuries. First, Mr. Lewis failed to exhaust his other remedies. As this Court recently held in *Howell v. State* (1993), 45 Ill. Ct. Cl. 60, an inmate attacked by another inmate must pursue and exhaust his other remedies before filing a claim. The Court dismissed a factually similar claim where an inmate was attacked by another inmate because he did not attempt to recover for his damages via any other remedies, administrative, legal, or equitable. The Court cited *Doe v. State* (1991), 43 Ill. Ct. Cl. 172, and *Lutz v. State* (1989), 42 Ill. Ct. Cl. 124, 126.

Because Mr. Lewis made no attempt whatsoever to explore his other opportunities for recovery, this claim must fail. However, it is also important to note that the State may only be liable for attacks on inmates by other inmates if the State's agents anticipated, or should have anticipated, that third persons would commit criminal acts against the Claimant. There was no evidence produced at the trial of this case that agents of the Illinois Department of Corrections had either actual or constructive notice that an attack was to occur on Mr. Lewis. In the absence of that notice, there is no liability on behalf of the State. *Chils v. State* (1985), 38 Ill. Ct. Cl. 196, *Carey v. State* (1981), 35 Ill. Ct. Cl. 96, *Daugherty v. State* (1991), 43 Ill. Ct. Cl. 316.

For the reasons stated above we deny this claim.