(No. 86-CC-2805—

SYLVIA TOURLOUKIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 1, 1995.*

SPINAK, LEVINSON & ASSOC. (ARTHUR H. LEVINSON, of counsel), for Claimant.

JIM RYAN, Attorney General (ERIN M. O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

Claimant seeks to recover damages sounding in tort for the alleged negligent maintenance and/or inspection of a road shoulder and failure to warn of the allegedly dangerous condition.

### Facts

On August 3, 1985, between 5:00 and 7:00 p.m., Claimant was driving northbound on Interstate 94 at approximately 12900 south (just north of the 130th Street exit). Claimant testified she became confused as to her direction and location. Claimant attempted to pull on to the shoulder but her right front tire hit a hole at the edge of the highway, causing Claimant to lose control of her car, which crossed the traffic lanes and hit a wall at the innermost side of the northbound lanes. Claimant was traveling at 50-55 m.p.h. Claimant lost consciousness at this point.

Claimant suffered multiple bruises and abrasions, wore a neck brace for a short time, and was off from work for several days. The vehicle was a total loss.

On August 8, 1985, Claimant returned to the scene of the accident and took photographs of the depression in the shoulder Claimant believes caused her accident, which turned out to be a sewage grate located at the edge of the shoulder closest to the highway.

At the hearing, Claimant testified on her own behalf. Respondent called one witness, Mr. John Richard Cannon, who is the field technician for the Calumet Expressway maintenance yard. He has been employed in various related capacities for over 26 years and was the person responsible for maintenance of the stretch of road on

which the accident occurred. After this action was commenced, Mr. Cannon took photographs of the area where the accident took place. All of the above photos were placed in evidence at the hearing.

Mr. Cannon testified that part of his duties involved responding to public and police complaints or notices regarding defects in his jurisdiction. Mr. Cannon testified that no complaints were received with regard to the grate in question prior to the accident in question. There were questions raised whether repair work had been done on the grate during the seven months between the date of the accident and the date of Mr. Cannon's photographs. The department's records were not clear as to exactly what work had been done. Mr. Cannon recalled repairs made in the general area several days before the accident to the travel lanes and possibly a ramp later in the month. He did not recall any repairs to the sewer grate in question and stated the condition of the grate was not defective in the photos he took in April 1986. However, Mr. Cannon stated that the photo appeared to evidence a patch behind the grate which by its whitened appearance had been in place at least over one winter.

Mr. Cannon stated that either he or another employee routinely made inspections of the roadway. Mr. Cannon traveled the area in question every weekday at the time of the accident, as he lived in the area. However, there was no direct testimony as to how often actual inspections were made.

## The Law

The Court has consistently held that the State is not an insurer of persons using its roadways and Claimant must prove by a preponderance of the evidence that a dangerous condition existed and that the State knew of

the condition which proximately caused the incident complained of. *Scarzone v. State* (1990), 43 Ill. Ct. Cl. 207, citing *Simpson v. State* (1985), 37 Ill. Ct. Cl. 76.

The photographs submitted by Claimant show a grate substantially below the level of the remainder of the shoulder, especially at its west and northern edges. No testimony was offered as to the actual depth of the grate as opposed to the road surface. The State has a duty to maintain the shoulder of its highways in a manner reasonably safe for its intended purposes, but the standard of care is higher for a highway than the shoulder since the reasonably intended use of the highway requires a greater level of care than the shoulder. (*Siefert v. State* (1989), 42 Ill. Ct. Cl. 8.) In *Siefert*, the Claimant's estate recovered because the State had actual notice of a shoulder condition described as "real bad" even by the State's witness.

*Doyle v. State* (1993), 45 Ill. Ct. Cl. 194 contains a discussion of this Court's holdings in numerous shoulder drop off cases which are analogous to the case at bar. (*Id.*, 199-200.) We have rarely found liability against the State except in cases of extremely dangerous conditions or when the State had direct or constructive notice of a defect. In *Doyle*, there was an alleged drop off of about six inches. The State's highway maintainer testified if he had seen the drop off, he should have reported it and requested repairs. Despite these factors, no award was made due to lack of notice.

Claimant's brief contends that the State had constructive notice of the allegedly dangerous condition based upon Mr. Cannon's testimony that repairs had been made to the grate in question at some point. No evidence was offered to establish the date of the repairs, which may have preceded the date of the accident.

We find Claimant has failed to prove by a preponderance of the evidence that the State had constructive notice of the alleged defect. There was also insufficient evidence of an extremely dangerous condition to otherwise justify an award.

This claim is hereby denied and this cause is dismissed.